# UNITED STATES DISCRICT COURT
# DISTRICT OF MINNESOTA

JACK WILLIS NISSALKE,

          Petitioner,

v.

JIM BENSON, Warden MCF Rush City,
and LORI SWANSON, Attorney General
for State of Minnesota,

          Respondents.

Case No. 16-cv-102 (PAM/TNL)

**REPORT AND RECOMMENDATION**

---

Jack Willis Nissalke, 123479, MCF–Rush City, 7600 525th Street, Rush City, MN 55069 (*pro se* Petitioner);

James P. Spencer, Assistant Olmsted County Attorney, Olmsted County Attorney's Office, 151 4th Street Southeast, Rochester, MN 55904 (for Respondent Jim Benson); and

James B. Early and Matthew Frank, Assistant Minnesota Attorneys General, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101 (for Respondent Lori Swanson).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody, (ECF No. 1), Respondent Minnesota Attorney General's Motion to Dismiss Petition for Writ of Habeas Corpus, (ECF No. 8), Respondent Jim Benson's Motion to Dismiss, (ECF No. 11), and Petitioner's Notice of Motion and Motion, (ECF No. 14). This action has been referred to the undersigned magistrate judge for a report and recommendation to the Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota,

pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court recommends that Respondents' motions to dismiss be granted and the petition be dismissed.

## I. BACKGROUND

### A. Jury Trial and Direct Appeal

On June 6, 1985 in Winona, Minnesota, Ada Senenfelder was found murdered after she was "cut and stabbed 33 times and bled to death from a stab wound to the heart." *State of Minnesota v. Nissalke*, 801 N.W.2d 82, 89 (Minn. 2011) (hereinafter, *Nissalke Direct Appeal*). Senenfelder's death went unsolved, but efforts over two decades later by a non-profit organization, which included offering a $50,000 reward and holding a press conference, led to witnesses coming forward with information that linked Petitioner Jack Willis Nissalke to the murder. *Id.*

On July 1, 2008, a Winona County, Minnesota grand jury indicted Petitioner on one count of first-degree premeditated murder, one count of murder in the first degree while witness tampering, and two counts of aiding and abetting first-degree murder. *Id.*; *see also State of Minnesota v. Nissalke*, Case No. 85-CR-08-1884 (Minn. Dist. Ct.) (hereinafter, *Nissalke Trial Court*). Between June 3, 2009, and July 6, 2009, a jury trial was held in Fillmore County before the Hon. Robert R. Benson, with the jury finding Petitioner guilty on all four counts as charged.[1] *Nissalke Direct Appeal*, 801 N.W.2d at 92; *Nissalke Trial Court*, Case No. 85-CR-08-1884 (Minn. Dist. Ct.). On July 8, 2009,

---

[1] Petitioner was indicted by a Winona County grand jury, but the Court granted Petitioner's request for a change of venue and the trial was subsequently held in Fillmore County, Minnesota. *See State of Minnesota v. Nissalke*, Case No. 85-CR-08-1884 (Minn. Dist. Ct.).

the "district court adjudicated [Petitioner] guilty of the first count of premeditated murder in the first degree" and imposed a life sentence. *Nissalke Direct Appeal*, 801 N.W.2d at 92; *Nissalke Trial Court*, Case No. 85-CR-08-1884 (Minn. Dist. Ct.).

On October 7, 2009, Petitioner appealed his conviction directly to the Minnesota Supreme Court.[2] *See Nissalke Direct Appeal*, Case No. A09-1829, 801 N.W.2d 82. On July 13, 2011, the Minnesota Supreme Court affirmed Petitioner's conviction. *Nissalke Direct Appeal*, 801 N.W.2d at 112. The record does not indicate that Petitioner sought any appeal to the United States Supreme Court.

### B. Postconviction Proceedings

On July 1, 2013, Petitioner "filed a pro se petition for postconviction relief raising a sentencing claim, a restitution claim, and several claims of newly discovered evidence and ineffective assistance of counsel." *Nissalke v. State of Minnesota*, 861 N.W.2d 88 (Minn. 2015) (hereinafter, *Nissalke Postconviction Appeal*). The postconviction court granted relief on the sentencing claim by correcting the amount of jail credit Petitioner was entitled to, but otherwise denied relief on Petitioner's claims without holding an evidentiary hearing. *Id.* at 91; *see also Nissalke Trial Court*, Case No. 85-CR-08-1884 (Minn. Dist. Ct.). Petitioner appealed, and on March 18, 2015, the Minnesota Supreme Court affirmed the district court's postconviction decision to grant jail credit and otherwise deny relief. *Nissalke Postconviction Appeal*, 861 N.W.2d 88. Petitioner sought

---

[2] The Minnesota Supreme Court has exclusive jurisdiction over appeals by persons convicted of murder in the first degree. MINN. STAT. §§ 632.14, 480A.06, SUBD. 1.

a rehearing, but the Minnesota Supreme Court denied that request on May 20, 2015. *See Nissalke Postconviction Appeal*, Case No. A14-0458, 861 N.W.2d 88.

### C. Petition for Writ of Habeas Corpus

On January 19, 2016, Petitioner filed in this Court his Petition for Writ of Habeas Corpus by a Person in State Custody. (Pet., ECF No. 1). The petition raises the following grounds for relief: (1) denial of constitutional right to a fair trial due to erroneous impaneling of biased or potentially biased jurors due to the district court's ruling during voir dire; (2) error resulting from the district judge's entry into the jury deliberation room and subsequent answers to jury questions outside the presence of counsel or Petitioner; (3) the district court denied Petitioner's constitutional right to present a complete defense; (4) the State's loss of crucial evidence, combined with the practices employed at the time, denied Petitioner's due process rights; (5) prosecutorial misconduct; (6) ineffective assistance of trial counsel; and (7) ineffective assistance of appellate counsel. (Pet. § V, at 5–6).

Respondents moved to dismiss the petition. Respondent Jim Benson argues Petitioner's claims are barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). (ECF Nos. 11, 12). Respondent Lori Swanson asserts she is not an appropriate party to this matter. (ECF Nos. 8, 9). In response, Petitioner asserts that equitable tolling applies to § 2244(d) and, therefore, his petition is not time-barred by the one-year statute of limitations.[3]

---

[3] Petitioner also filed a document entitled "Notice of Motion and Motion," (ECF No. 14), where he purportedly "moves . . . for an order dismissing the respondent Olmsted County Attorney's Office's

## II. ANALYSIS

### A. Time Bar

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 governs a federal court's review of habeas corpus petitions filed by state prisoners. Section 2254 is used by state prisoners alleging they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, 28 U.S.C. § 2244(d) provides a one-year statute of limitations for habeas petitions filed by state prison inmates. Specifically, the language in § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

---

Motion to dismiss and the accompanying memorandum" because it "is not the County of commit," there was no permission granted for substitution of counsel, and "respondent Olmsted County Attorney's [O]ffice appears to be outside of its jurisdiction in this matter, and should be procedurally barred." Petitioner's motion is without merit because whichever County Attorney's Office defends Respondent Jim Benson, they are acting as agents for Respondent Benson and his ultimate employer, the State of Minnesota. It is of no moment whether Respondent Benson is represented by Winona County, Olmsted County, Fillmore County, an attorney from any of the remaining 84 counties in Minnesota, or somewhere else altogether. Therefore, Petitioner's Notice of Motion and Motion, (ECF No. 14), should be denied.

or claim is pending shall not be counted toward any period of limitation under this subsection.

In his reply brief, Petitioner asserts that a change to Minnesota's criminal procedural rules hindered a timely filing. (ECF No. 15, at 1–2). This argument, which could implicate § 2244(d)(1)(B), is addressed below. Petitioner makes no assertion and the Court sees no facts that could demonstrate that §§ 2244(d)(1)(C), or (D) apply in this case. Petitioner does not assert that his claim relies on any newly recognized right made retroactive by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Nor does Petitioner assert that he uncovered new facts. 28 U.S.C. § 2244(d)(1)(D). Rather, Petitioner's asserted grounds for relief parrot those grounds argued in his direct appeal and, for the ineffective assistance of appellate counsel claim, his postconviction appeal. *See Nissalke Direct Appeal*, 801 N.W.2d 82; *Nissalke Postconviction Appeal*, 861 N.W.2d 88.

Relative to § 2244 (d)(1)(A), "the time between the dates that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001); *see Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam) (statute of limitations bar on claims raised for the first time in federal habeas petition after close of one-year period could not be cured by returning to state court to exhaust state remedies that were not time-barred). Thus, the statute of limitations for the habeas relief sought by Petitioner must run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner claims that he is not time-barred by the statute of limitations

as the conclusion of direct review was not final until his request for postconviction relief was exhausted in state court on June 23, 2015. (Pet. § VI, at 6).

After the Minnesota Supreme Court affirmed Petitioner's conviction on July 13, 2011, the final judgment was issued on August 16, 2011. *See Nissalke Direct Appeal*, Case No. A09-1829, 801 N.W.2d 82. Adding in the ninety-day window to file a petition for a writ of certiorari from the United States Supreme Court, Petitioner's conclusion of direct review became final on November 14, 2011. *Boston v. Weber*, 525 F.3d 622, 624 (8th Cir. 2008) ("When the state court of last resort enters a judgment in a direct criminal appeal and the petitioner does not seek a writ of certiorari, the judgment is final at the conclusion of the ninety days allowed by the Supreme Court for the filing of such a writ."); 28 U.S.C. § 2101(d); SUP. CT. R. 13. Thus, the period for Petitioner to file a timely petition expired one year later on November 14, 2012. Because Petitioner filed for habeas corpus relief in this Court on January 19, 2016—more than three years after judgment became final— he is precluded from federal habeas relief on the bases set forth in his petition due to the expiration of the statute of limitations.

While § 2244(d)(2) provides a tolling provision, Petitioner's state postconviction filing on July 1, 2013, does not fall within the framework of this section. Section 2244(d)(2) instructs that the federal limitations period will be tolled where "a properly filed application for State post-conviction" is pending. However, § 2244(d)(2) only applies where a petition is filed within the one-year statute of limitations. *Boston*, 525 F.3d at 626 ("The tolling provision does not apply to the period before the application [for postconviction relief] was properly filed."). Because Petitioner did not file for

7

postconviction relief in Minnesota state court until July 1, 2013, over seven months after the statute of limitations ran on November 14, 2012, the tolling provision has no application to this case. Nor does Minnesota's partial grant of postconviction relief—related to jail credit alone, denying all other claims—reset Petitioner's expired statute of limitations for federal habeas relief. *Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005) ("Section 2244(d)(2) only stops, but does not reset, the AEDPA clock from ticking and cannot revive a time period that has already expired.") (citation omitted); *DeCoteau v. Schweitzer*, 774 F.3d 1190, 1192 (8th Cir. 2014) (holding that the statute of limitations found in § 2244(d)(1) applies on a claim-by-claim basis). This is even more so when the petition does not include any claim relating to jail credit as a ground for relief. Thus, under AEDPA's one-year statute of limitations, Petitioner's claims are time-barred. *See Mayle v. Felix*, 545 U.S. 644, 662 ("Congress enacted AEDPA to advance the finality of criminal convictions. To that end, it adopted a tight time line, a one-year limitation period . . . ."); *Rhines v. Weber*, 544 U.S. 269, 276 ("AEDPA's 1-year limitations period quite plainly serves the well-recognized interest in the finality of state court judgments.") (quotation omitted).

In the alternative, Petitioner asserts in his reply brief that equitable tolling exceptions apply in this case. *See Holland v. Florida*, 560 U.S. 631 (2010) ("[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling."). Under certain exceptional situations a court may apply equitable tolling to § 2244(d) and lift the one-year time bar to petition for habeas relief. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been

8

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted); *Holland*, 560 U.S. at 649 (citing *Pace*, 544 U.S. at 418).

Petitioner fails to present factual support to meet his burden relative to the two-prong test set out in *Pace*. First, Petitioner presents no facts relative to his actions between the 2011 final judgment and the state postconviction motion filed in 2013. Rather, Petitioner lays out facts that jump directly from the Minnesota Supreme Court's decision affirming his conviction on July 13, 2011 and August 16, 2011 final judgment, to his state postconviction filing on July 1, 2013.[4] (Pet. § IV, ¶¶ 21–22, at 4). Based on the record before the Court, Petitioner has not shown that he was making efforts to file for federal habeas relief, or state postconviction relief, between November 14, 2011 and July 1, 2013. As such, Petitioner has not demonstrated diligent pursuit of his rights related to federal habeas relief under the first prong of *Pace*.

Petitioner also fails to establish the second prong related to extraordinary circumstances preventing diligent pursuit of his claim. Petitioner's reply declares "that every element to the equitable tolling exceptions . . . have been adequately met . . . [i]t is all there in . . . pages 48 and 49 of the post-conviction petition explain[ing] that petitioner had requested discovery from trial counsel." (ECF No. 15, at 1–2). While pages 48 and 49 have not been provided to the Court, Petitioner cites Minn. R. Crim. P. 9.03, subd. 4

---

[4] The Court notes that Minnesota has placed a two-year statute of limitations on state postconviction proceedings. MINN. STAT. § 590.01, SUBD. 4. Petitioner appears to have met the state deadline. *See Nissalke Postconviction Appeal*, 861 N.W.2d 88.

9

and claims that this state rule precluded counsel from surrendering discovery to Petitioner at the time.

Rule 9.03(4) was amended in 2010. Before the 2010 amendment, Rule 9.03(4) read:

> Any materials furnished to an attorney under discovery rules or orders shall remain in the custody of and be used by the attorney for only the purpose of conducting that attorney's side of the case, and shall be subject to such other terms and conditions as the court may prescribe.

Minn. R. Crim. P. 9.03, subd. 4 (2009). Following the 2010 amendment, Rule 9.03(4) reads: "Materials furnished to a party under discovery rules or orders must remain in the party's custody and be used by the party only to conduct that attorney's side of the case, and may be subject to other conditions the court orders." Even if the pre-2010 language of Rule 9.03(4) could be interpreted to limit or delay transfer of discovery from counsel to Petitioner, the rule was modified in 2010. The Court sees no "extraordinary circumstance" standing in Petitioner's way by reason of a state procedural rule that was modified before his conviction was even finalized on direct appeal that would somehow preclude him from filing for federal habeas relief. Therefore, the second prong has not been established where no exceptional conditions contributed to Petitioner's failure to timely file.

Finally, Petitioner appears to assert that a "miscarriage of justice" exception should apply in this particular case. Petitioner argues that refusing his petition on grounds of untimeliness would "require an innocent individual remain imprisoned." (ECF No. 15, at 3). Petitioner's argument is deeply flawed. Petitioner makes no claim of actual

innocence. Rather, Petitioner's ground for relief in his habeas petition is for his sentence to be vacated and that he be returned to state court for sentencing pursuant to "the original plea agreement." (Pet. § VIII, at 6).

In sum, Petitioner's one-year statute of limitations for filing a § 2254 habeas petition expired. The statute of limitations was not subject to tolling by reason of a state postconvicition filing. Rather, Petitioner filed his state postconviction petition over seven months after the expiration of the statute of limitations period ran for federal habeas relief. Moreover, Petitioner has not demonstrated that the one-year statute of limitations should be equitably tolled in this case because he has failed to establish that he was diligent in pursuit of his rights and no extraordinary circumstances prevented him from filing a timely petition for a writ of habeas corpus. Therefore, this Court recommends that Petitioner's § 2254 petition for a writ of habeas corpus be denied.

### B.  Jurisdiction over Respondent Swanson

Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a state prisoner filing a federal habeas petition under 28 U.S.C. § 2254 "must name as respondent the state officer who has custody." "'[F]ailure to name the state officer having custody of petitioner as respondent deprives federal courts of personal jurisdiction' over the custodian." *Smith v. Idaho*, 392 F.3d 350, 355 (9th Cir. 2004) (quoting *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1998)); *see Kailey v. Ritter*, 500 Fed. Appx. 766, 769–70 (10th Cir. 2012) (holding that district court lacked personal jurisdiction over state inmate's habeas petition due to inmate's failure to name warden of correctional facility in which he was confined). Where the

court lacks personal jurisdiction it may not effectively grant habeas relief, and as such, the case is moot because no tangible benefit may be obtained. *Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005). Here, the Court here has no personal jurisdiction over Respondent Swanson because she does not hold custody over Petitioner and the Court cannot grant effective relief as pertains to her. Therefore, the petition, even if it were not time barred, must be dismissed to the extent any claim for relief is asserted against Respondent Swanson.

### C. Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Federal district courts may not grant a certificate of appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, the petitioner must show "that the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, the Court concludes that it is unlikely that reasonable jurists would find the question of whether to dismiss Petitioner's petition debatable, or that some other court would decide this petition differently. The grounds for dismissal are rooted in time calculations, and Petitioner has not shown that any exceptions to the statute of limitations applies in this case. The Court therefore recommends that a certificate of appealability not issue.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Respondent Minnesota Attorney General's Motion to Dismiss Petition for Writ of Habeas Corpus, (ECF No. 8), be **GRANTED**.

2. Respondent Jim Benson's Motion to Dismiss, (ECF No. 11), be **GRANTED**.

[Continued on next page.]

3. Petitioner's Notice of Motion and Motion, (ECF No. 14), be **DENIED**.

4. Petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody, (ECF No. 1), be **DISMISSED WITH PREJUDICE**.

5. A certificate of appealability not issue.

Date: July 15, 2016                     *s/ Tony N. Leung*
                                        Tony N. Leung
                                        United States Magistrate Judge
                                        District of Minnesota


                                        *Nissalke v. Benson* and *Swanson*
                                        Case No. 16-cv-102 (PAM/TNL)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.