UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jack Willis Nissalke,   Case No. 16cv102 (PAM/TNL)

Petitioner,

v.   **MEMORANDUM AND ORDER**

Jim Benson, Warden MCF
Rush City, and Lori Swanson,
Attorney General for State of
Minnesota,

Respondents.

---

This matter is before the Court on the Report and Recommendation of Magistrate Judge Tony N. Leung dated July 15, 2016 (Docket No. 15). In the R&R, Magistrate Judge Leung recommends granting Respondents' pending Motions to Dismiss and dismissing the Petition for Writ of Habeas Corpus with prejudice. Petitioner filed timely objections to the R&R.

This Court must review de novo any portion of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). After conducting the required review and for the reasons that follow, the Court adopts the R&R.

The R&R thoroughly sets forth the factual and procedural background in this matter. Briefly, Petitioner Jack Willis Nissalke is serving a life sentence after a jury in Fillmore County, Minnesota, found him guilty of first-degree premeditated murder, among other charges. Nissalke appealed his conviction, and after the Minnesota Supreme Court affirmed, brought a state motion for postconviction relief. The trial court granted

the postconviction motion only with respect to Nissalke's request for jail credit, a claim Nissalke does not repeat here, but otherwise denied relief. The Minnesota Supreme Court again affirmed.

Nissalke filed this Petition on January 19, 2016. He raises seven claims that are substantively identical to the claims raised in his direct appeal and his state postconviction motion. The substance of Nissalke's claims, however, is not relevant to the Court's resolution of the matter because, as the R&R determined, the Petition is untimely under 28 U.S.C. § 2244(d).

Nissalke recognizes that the Petition was filed more than one year from the date his conviction became final. He argues, first, that § 2244(d)'s one-year statute of limitations is unconstitutional because it conflicts with Minnesota's two-year statute of limitations for filing postconviction motions, Minn. Stat. § 590.01, subd. 4. But a different statute of limitations for state and federal remedies does not implicate any constitutional right—if this were true, then states would be obligated to adopt federal statutes of limitations for similar claims. This contention is without merit.

Nissalke also asks the Court to equitably toll the statute of limitations because he is incarcerated and has only limited access to the record and the law library. This contention would essentially render the statute of limitations moot in every habeas case, because habeas petitioners are, almost by definition, incarcerated individuals. But even assuming that a habeas petitioner's incarceration could warrant equitable tolling of the statute of limitations, the claims Nissalke raises in this Petition are substantively identical

to those he raised in his state postconviction proceeding. Thus, he has not established that his incarceration seriously affected his ability to formulate his claims in this case.

Finally, Nissalke asks that the Court issue a certificate of appealability, contending that "tens of thousands of followers from around the world who have read every document filed throughout petitioner's appeal processes" agree that there has been a "miscarriage of justice" in his case. (Obj. (Docket No. 18) at 3.) But as the R&R noted, Nissalke does not claim actual innocence and only seeks to be resentenced. Thus, it is not clear what "miscarriage of justice" occurred in his case. And regardless, no reasonable jurist could believe that Nissalke's habeas petition was within the one-year limitations period of § 2244(d), or that Nissalke had established that the one-year period should be tolled. A certificate of appealability will not issue.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 17) is **ADOPTED**;

2. Respondent Minnesota Attorney General's Motion to Dismiss (Docket No. 8) is **GRANTED**;

3. Respondent Jim Benson's Motion to Dismiss (Docket No. 11) is **GRANTED**;

4. Petitioner's Motion to Dismiss (Docket No. 14) is **DENIED**;

5. The Petition for Writ of Habeas Corpus (Docket No. 1) is **DISMISSED with prejudice**; and

6. No certificate of appealability will issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 22, 2016  *s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge